OPINION OF THE COURT
Matthew J. D’Emic, J.
*1135 In this domestic violence prosecution the People concede that defendant’s statement that she cut her husband as he was beating her during a fight over child support was made in violation of her constitutional rights (Miranda v Arizona, 384 US 436 [1966]). Nevertheless, the People requested a hearing to determine the voluntariness of the statement since they seek to impeach the defendant with her words if she testifies at trial.
Findings of Fact
Police Officer Frank Wolff, the domestic violence officer at the 67th precinct, testified credibly that on December 19, 2007, at about 1:30 in the afternoon, his colleague Detective McLaughlin walked into his office with the defendant. Officer Wolff described Ms. Peters as badly beaten, with a reddened face, lumps on her face and scratches on her neck and down her back. He was so shocked by her battered appearance that he instinctively asked what happened, resulting in defendant’s statement.
Conclusions of Law
There is no doubt that witnesses are expected to testify truthfully, and so, when a defendant takes the stand, she subjects herself to proper cross-examination. Such questioning includes, in many cases, the use of prior statements, even if made in violation of the defendant’s rights. The policies of the exclusionary rule do not bar the use of such statements (United States v Havens, 446 US 620 [1980]; Oregon v Hass, 420 US 714 [1975]; Harris v New York, 401 US 222 [1971]). On the other hand, statements that are untrustworthy or that are involuntary, may not be used, even for impeachment. To allow such use of an involuntary statement is a denial of due process (Mincey v Arizona, 437 US 385 [1978]) and the People have the burden of proving the voluntariness of the statement beyond a reasonable doubt.
In this case Ms. Peters was in obvious distress. She had just suffered a beating and Police Officer Wolffs description leads to the inexorable conclusion that she was in pain. Tellingly, the officer could offer no explanation as to why the prisoner was even brought into his office.
The hearing testimony thus presents a defendant who was under arrest and in a strange office for no reason; who was recently beaten up and in pain, and undergoing the emotional *1136 and psychological trauma imputable to all of that. Under the totality of these circumstances, the court finds Ms. Peters’ statement to be involuntary and not the product of a free will and rational intellect. It cannot be used at trial.